[Civ. No. 1586.   Fourth Appellate District.—February 29, 1936.]

CHARLEY A. NEVIN, Respondent, v. THE MERCER CASUALTY COMPANY, Appellant.

Elbert E. Hensley for Appellant.

Forgy, Reinhaus & Forgy, A. M. Bradley and Edward H. Marxen for Respondent.

BARNARD, P. J.—The plaintiff recovered judgment against one James J. Mallon in an action for personal injuries caused through the negligent operation of a truck driven by Mallon. Thereafter, the present action was filed based upon the contention that this defendant had insured the said Mallon against any such claims arising from his operation of the truck. The court found for the plaintiff and entered a judgment from which the defendant has appealed.

The appellant contends that the evidence is not sufficient to sustain the judgment in that it fails to show the existence of any policy of insurance covering the matter in question. Incidentally, it is argued that certain evidence tending to show the existence of a policy was erroneously received because of the failure to prove that the original policy was in the possession of the appellant. The appellant put in no evidence and relies entirely upon its contention that there is no competent evidence justifying the inference that such a policy was in existence.

The complaint alleged that after the filing of the former action against James J. Mallon the said Mallon notified this appellant of the filing of said suit and furnished it with a copy of the summons and complaint therein, and that this appellant thereupon sent a letter to the said Mallon, reading as follows:

"THE
"MERCER CASUALTY COMPANY
"OF CELINA, OHIO
"Full Coverage Automobile Insurance
"Claim Department        Celina, Ohio
"July 27, 1931

"Mr. James J. Mallon, and/or J. E. Kendrick
      817 Havana Avenue,
            Long Beach, California.

"Dear Sir:        Re: Policy No. 74366

"As you are aware suit has been filed against you in the Superior Court of Orange County, California by Charley A. Nevin, being Cause No. 28538, by reason of alleged personal injuries sustained as the result of accident occurring May 19th last in which the Truck insured under the above Policy was involved, being in the amount of $54,232.00

"The Public Liability limits of the above Policy are $50,000 and $100,000. You therefore have an uninsured interest over and above the limits of your Policy, and it is your privilege and duty to secure such legal counsel as you deem necessary to protect your rights in the matter.

"Our attorney handling this matter is Mr. Elbert E. Hensley, 825 Insurance Exchange Building, Los Angeles, who has given the matter proper investigation, and who no doubt would be pleased to protect your interests also if you so desire. Please advise as to your wishes, obliging.

"Very truly yours,
"THE MERCER CASUALTY COMPANY
"C. L. Clark
"Claim Department.

"C. L. Clark–M."

The complaint further alleged that Elbert E. Hensley, referred to in this letter, thereafter appeared on behalf of this appellant in all stages of the action between this respondent and the said Mallon.

In its answer, this appellant admitted that the said Hensley appeared in its behalf at all stages of the former action and admitted that it mailed this letter to the said Mallon. The answer then alleged that this letter was mailed only by reason of the mistaken belief of this appellant that the said Mallon had such a policy of insurance.

The letter referred to was admitted in evidence over the objection that no foundation had been laid and that no showing had been made that it was signed by an officer of the company.    It is now claimed that the admission of the letter was error for these reasons.    That the appellant had sent the letter to Mallon was admitted by the pleadings and it necessarily follows that the authority of the person signing the letter was thus admitted.    While this evidence was unnecessary, in view of the pleadings, no possible harm could come from its admission.

Having thus admitted the existence of the policy it was incumbent upon the appellant to sustain its allegation that the letter had been sent through a mistake and that, in fact, no policy was in existence.    No attempt was made to offer proof in support of these affirmative allegations.    The letter, the sending of which was admitted, constitutes a recognition of the policy on the part of the appellant sufficient to sustain the finding that the policy was duly issued, in the absence of any evidence to support the allegations of the answer.    Under these circumstances, we think the pleadings and the absence of evidence on the part of the appellant justified the inference drawn by the court that the policy was in existence, and support the judgment.

Before this action came on for trial the respondent sought and obtained an order compelling the appellant to furnish copies of all papers and correspondence in its possession relating to any insurance on the truck in question.    The papers in connection with this motion were admitted in evidence and, after looking over the same, the court made a statement as to their contents, from which it sufficiently appears that it had been alleged therein that a policy had been issued by the appellant which covered this accident.    This order was never appealed from and it is stated in the briefs, and not denied, that it was made with the consent of the appellant. While it appears from the record that this order of inspection was not complied with by the appellant we find nothing in the record to show that the order was not duly served upon the appellant.    Under section 1000 of the Code of Civil Procedure it must be presumed that the facts are as alleged by the party who obtained the order.    It is incumbent upon the appellant to furnish all of the record that may be needed to

show the error he relies upon and, under the record before us, we must assume, in favor of the judgment, that a policy of a certain number and covering the truck involved in the former action, had been issued and was in existence.

While the appellant contends that certain evidence was improperly received since there is no evidence to show that the policy was in the possession of the appellant, the order for an inspection issued, with the moving papers on which it was based, create a disputable presumption that this policy was in the possession of the appellant. Although subpoenaed by the respondent Elbert E. Hensley was not present at the trial. It was stipulated that, if present, he would testify that he investigated the accident in question and tried the former action as a representative of this appellant.

There was filed in this court a certified copy of an order made by the trial court purporting to correct the reporter's transcript by adding thereto certain matters which are set forth in the order. The appellant moved to strike this purported addition on the ground that proper steps had not been taken to make the same a part of the record on this appeal. We think this contention must be sustained and, for that reason, have disregarded the matter thus sought to be added to the record.

The motion to strike is granted and the judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 30, 1936.