DETROIT BULK DOCK COMPANY v MICHIGAN MUTUAL
LIABILITY COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF MATERIAL FACT.

A trial judge must consider the affidavits, together with the pleadings, depositions, admissions and documentary evidence filed or submitted before he grants summary judgment on the ground that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law (GCR 1963, 117.3).

2. INSURANCE—EXISTENCE OF POLICY—LETTER TO POLICYHOLDER—MISTAKE.

An insurance company which sends a transmittal letter recognizing the existence of an insurance policy must prove that the letter was sent by mistake and that no policy existed in order to avoid liability.

3. INSURANCE—EXISTENCE OF COVERAGE—LETTER TO POLICYHOLDER—LESSOR'S INTEREST—LESSEE'S INTEREST.

An insurance company which had issued to a *lessee* of property a policy insuring the *lessor's* interest, but which had indicated that the lessee was the insured in a transmittal letter to the lessee with a renewal of the policy, was not liable for damages to the lessee's interest where it was shown (1) the policy itself indicated that the lessor was the insured with the billing to be made to the lessee, (2) the lessee maintained a separate policy covering its own interest with another insurance company, (3) the lessee had no intention of maintaining two policies covering its own interest, and (4) the transmitted letter was unquestionably in error.

Appeal from Wayne, Charles S. Farmer, J. Submitted November 13, 1975, at Detroit. (Docket No. 22865.) Decided January 8, 1976.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*

[2, 3] 44 Am Jur 2d, Insurance § 2010.

Complaint by Detroit Bulk Dock Company against Michigan Mutual Liability Company for a declaratory judgment to determine whether defendant was the insurer of plaintiff's leasehold interest in certain property. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Foster, Meadows & Ballard* (by *John Arthur Hamilton*), for plaintiff.

*Martin, Bohall, Joselyn, Halsey, Rowe & Jamieson, P. C.* (by *Paul J. Manion*), for defendant.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

BASHARA, P. J. This is a declaratory judgment action, GCR 1963, 521, seeking a determination of whether the defendant, Michigan Mutual Liability Company, was the insurer of the plaintiff, Detroit Bulk Dock Company, at the time a dock leased by the plaintiff collapsed. The defendant obtained summary judgment, GCR 1963, 117.2(3), and plaintiff appeals.

Dale Osburn, Inc. and the plaintiff are related corporations owned or controlled by Dale Osburn. For many years and until approximately January, 1965, Dale Osburn, Inc. and the plaintiff obtained numerous insurance policies through the R. J. Jones Insurance Agency with the defendant as insurer. One policy was for general liability insurance coverage of Dale Osburn, Inc. which was to run from February 1, 1964 through February 1, 1965.

Plaintiff entered into an agreement to lease property which included a dock from Danstan Realty Corporation around the beginning of 1964.

* Circuit judge, sitting on the Court of Appeals by assignment.

The agreement provided that the plaintiff maintain liability insurance to protect the interest of the lessor. In order to comply with this provision of the contract the plaintiff obtained through the R. J. Jones Insurance Agency an Owners' Landlords' and Tenants' Liability policy [hereinafter referred to as "OLT" policy] from the defendant insuring the lessor's interest from 1964 through September 2, 1967.

In September, 1964 an endorsement was added to the General Liability policy of Dale Osburn, Inc. to cover the plaintiff's interest as a lessee in the property leased from Danstan Realty Corporation.

In early 1965, Dale Osburn, Inc. switched insurance agencies which resulted in the cancellation of most of its policies with the defendant, including the General Liability policy. However, the plaintiff retained with the defendant the "OLT" policy covering the lessor's interest.

In September, 1967 and September, 1970 the "OLT" policy was renewed. The blank on the policy designating the name of the insured on both renewal policies read, "Danstan Realty Corporation - Account of Detroit Bulk Dock". The transmittal letter accompanying the 1967 renewal indicated that the policy covered only the interest of the lessor Danstan Realty Corporation. However, the transmittal letter accompanying the 1970 renewal indicated that the policy covered the plaintiff, Detroit Bulk Dock Company.

In December, 1970 a portion of the dock on the leased property collapsed and the plaintiff sought recovery from the defendant under the "OLT" policy. The issue for resolution is whether the transmittal letter accompanying the renewal of the 1970 "OLT" policy and naming the plaintiff as an insured recognized the existence of an insur-

ance policy on the lessee's interest in the leased premises.

Summary judgment was granted on the ground that there was no genuine issue of material fact, and that defendant was entitled to judgment as a matter of law. Summary judgments granted on that ground require the trial judge to consider "[s]uch affidavits, together with the pleadings, depositions, admissions and documentary evidence then filed in the action or submitted by the parties * * * ". *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973), GCR 1963, 117.3.

This is a case of first impression in Michigan. We subscribe to the generally recognized rule that an insurance company which sends a transmittal letter recognizing the existence of an insurance policy must prove that the letter was sent by mistake and that no policy existed in order to avoid liability. See *Nevin v Mercer Casualty Co,* 12 Cal App 2d 222; 55 P2d 251 (1936), 20A Insurance Law and Practice, § 11977, pp 412–413.

The deposition of the insurance agent who sent the renewal letters in 1967 and 1970 on the "OLT" policy uncontrovertibly shows that (1) the reference in the policy to the insured, "Danstan Realty Corporation—Account of Detroit Bulk Dock" meant that the insured was Danstan Realty Corporation while the premiums were to be billed to the plaintiff; and (2) the transmittal letter was in error because the policy only covered Danstan Realty Corporation. The deposition of Dale Osburn shows that he knew (1) that prior to 1965 the plaintiff's interest as lessee and the lessor's interest were covered by separate insurance policies; (2) that in 1965 and thereafter the plaintiff was not insured by the defendant but by another insurance company; and (3) that he had no intention of maintain-

ing two insurance policies with two insurance companies to cover the interest of the plaintiff as lessee.

The depositions unquestionably disclose that the transmittal letter accompanying the 1970 policy renewal was in error when it referred to the plaintiff as the insured, and that no "OLT" policy existed on the plaintiff's interest as a lessee in 1970.

Affirmed, costs to defendants.